Kaur v. Sessions

BIA
Videla, IJ
A078 662 469
A079 596 140

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of October, two thousand seventeen.

PRESENT:
            GUIDO CALABRESI,
            DEBRA ANN LIVINGSTON,
            SUSAN L. CARNEY,
                 *Circuit Judges.*
_____

RUPINDER KAUR, AKA SAROJ BALA,
GURMINDER SINGH,
        *Petitioners,*

        v.                                          14-2731
                                                    NAC
JEFFERSON B. SESSIONS, III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONERS:        Amy Nussbaum Gell, Gell & Gell, New
                        York, NY.

FOR RESPONDENT:         Benjamin C. Mizer, Principal Deputy
                        Assistant Attorney General; Paul
                        Fiorino, Senior Litigation Counsel;
                        Judith R. O'Sullivan, Trial
                        Attorney, Office of Immigration
                        Litigation, United States
                        Department of Justice, Washington,
                        DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Rupinder Kaur and Gurminder Singh, natives and citizens of India, seek review of a July 14, 2014, decision of the BIA affirming an April 18, 2013, decision of an Immigration Judge ("IJ") denying Kaur's and Singh's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rupinder Kauer, Gurminder Singh,* Nos. A078 662 469/079 596 140 (B.I.A. July 14, 2014), *aff'g* Nos. A078 662 469/079 596 140 (Immig. Ct. N.Y. City Apr. 18, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Under the REAL ID Act of 2005, the agency may, in light of "the totality of the circumstances," base an adverse credibility determination on asylum applicants' "demeanor,

2

candor, or responsiveness" and inconsistencies in their statements, "without regard to whether" those inconsistencies go "to the heart" of the applicants' claim. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008). In conducting "substantial evidence" review, "we defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The agency's adverse credibility determination here is supported by substantial evidence. The record reflects numerous inconsistencies between Kaur's original asylum application, Kaur and Singh's statements to Government investigators after their son's arrest, Singh and Kaur's second asylum application, and the couple's testimony at the hearing. We highlight several examples that amount to substantial evidence. *See id.*

First, contrary to the argument in Kaur's and Singh's brief, the agency did not overstate the significance of the inconsistencies between the first and second asylum applications. In the first application, Kaur alleged that Singh had been arrested and possibly killed for his political activities. As became clear in the second application,

3

however, Singh was actually in the United States with Kaur when Kaur affirmed that he was under arrest, and possibly dead. That stark inconsistency alone is sufficient to support the adverse credibility determination. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that a single inconsistency "concerning the nature of [the applicant's] mistreatment . . . afforded substantial evidence to support the adverse credibility finding").

The adverse credibility determination is further supported by additional inconsistencies and demeanor problems. The couple reported various dates of entry into the United States. Kaur's first asylum application listed a 2000 arrival date and affirmed that Singh had been arrested in India; she subsequently told Government investigators that she arrived in 2000, after Singh; then, in their second asylum application, the couple said that they arrived together in 1999. They admitted Kaur initially listed a false date of entry to meet the one-year deadline for asylum. Singh admitted that he knew about the false date. He also admitted that he lied to an immigration official at the U.S. consulate in 1999 to obtain a travel visa to the United States.

Kaur and Singh also failed to disclose that Singh had been arrested in 2008 for assault. When cross-examined about this

4

omission from their applications, Singh explained that his attorney asked him all the questions on the application except the one about prior arrests. The IJ reasonably found this explanation implausible. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (explaining that the agency is not required to credit an explanation that is merely plausible or possible).

The IJ also expressed doubts about the couple's demeanor during the merits hearing, noting on the record that Singh appeared to be coaching Kaur while she testified. "[T]he IJ has the unique advantage among all officials involved in the process of having heard directly from the applicant," and so that finding deserves deference. *See Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 73-74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007).

Given Kaur and Singh's numerous false statements to immigration officials, inconsistent testimony, and demeanor problems, the totality of the circumstances supports the agency's adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165. This determination infects the entirety of their claim to relief, calling into question both the allegations of past harm and their political activity. *Siewe v. Gonzales*, 480 F.3d 160, 170

(2d Cir. 2007) ("So a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."). Because their asylum, withholding of removal, and CAT claims were all based on the same factual predicate, the credibility determination is dispositive. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). For this reason, we do not reach the agency's time-bar denial of asylum. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6